UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
                                    :    Civil Action No.
                                    :
        Plaintiff(s)                :    Hon.
                                    :
                                    :
        v.                          :    **JOINT PROPOSED DISCOVERY PLAN**
                                    :
                                    :
                                    :
        Defendant(s)                :
                                    :
_____:

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

3. Have settlement discussions taken place?  Yes _____  No _____

   (a)  What was plaintiff's last demand?

        (1)  Monetary demand: $ _____
        (2)  Non-monetary demand: _____

   (b)  What was defendant's last offer?

        (1)  Monetary offer:  $ _____
        (2)  Non-monetary offer: _____

4. The parties [have _____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have _____ have not _____ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

7. The parties [have _____ have not _____] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties [have _____ have not _____] conducted discovery other than the above disclosures. If so, describe.

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   (b) Discovery [should _____ should not _____] be conducted in phases or be limited to particular issues. Explain.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures _____.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) _____.

   (3) Service of initial written discovery _____.

   (4) Maximum of _____ Interrogatories by each party to each other party.

   (5) Maximum of _____ depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by _____.

   (7) Factual discovery to be completed by _____.

   (8) Plaintiff's expert report due on _____.

   (9) Defendant's expert report due on _____.

   (10) Expert depositions to be completed by _____.

   (11) Dispositive motions to be served within _____days of completion of discovery.

   (d) Set forth any special discovery mechanism or procedure requested.

      (e)      A pretrial conference may take place on _____ .

      (f)      Trial date: _____ (_____Jury Trial; \_\_\_\_\_ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes _____ No_____ . If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No _____ .

    If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No _____ .

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

14. Is this case appropriate for bifurcation? Yes _____ No _____

15. An interim status/settlement conference (with clients in attendance), should be held in _____ .

16. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

_____
Attorney(s) for Plaintiff(s) / Date

_____
Attorney(s) for Defendant(s) / Date

## ADDENDUM TO JOINT DISCOVERY PLAN

*Alphonso Dunn v. Chronicle Books LLC*
U.S. District Court of New Jersey
Case No. 21-cv-17351
Hon. Kevin McNulty

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

For Plaintiff Alphonso Dunn:
Daniel M. O'Hara, Esq.
Glen A. Kendall, Esq. (*pro hac vice* application pending)
McLoughlin, O'Hara, Wagner & Kendall LLP
250 Park Avenue, 7th Floor
New York, NY 10177
T: (212) 920-6695
F: (917) 382-3934

For Defendant Chronicle Books LLC:
David J. Shannon, Esq.
Marshall Dennehey Warner Coleman & Goggin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
T: (215) 575-2615
F: (215) 575-0856

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

The Complaint asserts a single cause of action for copyright infringement under 17 U.S.C. § 501, *et seq.* based on Defendant Chronicle's publication in 2020 of a book entitled *Inktober All Year Long* by Jake Parker. Plaintiff Dunn claims that *Inktober All Year Long* infringes the registered copyrights of two books he authored entitled *Pen & Ink Drawing: A Simple Guide* and *Pen & Ink Drawing Workbook*, respectively published in 2015 and 2018. Plaintiff Dunn alleges that *Inktober All Year Long* is substantially similar to the protectable expressions in *Pen & Ink Drawing: A Simple Guide* and *Pen & Ink Drawing Workbook*.

Defendant denies that it infringed on plaintiff's copyrights and that plaintiff sustained any damages. Defendant also denies that any original work in the two books are substantially similar. In addition, Defendant did not have any profits for the alleged publication of the book authored by Mr. Parker.